Thomas JONES and Joan Jones, Plaintiffs-Appellants,

v.

SECURA INSURANCE COMPANY, Defendant-Respondent.

Supreme Court

*No. 00–3037. Oral argument December 4, 2001.—Decided February 1, 2002.*

2002 WI 11

(Also reported in 638 N.W.2d 575.)

For the plaintiffs-appellants there were briefs by *Shane W. Falk* and *Seidl & Stingl, S.C.,* Wausau, and oral argument by *Shane W. Falk.*

For the defendant-respondent there was a brief by *Todd Joseph Koback* and *Terwilliger, Wakeen, Piehler & Conway, S.C.,* Wausau, and oral argument by *Todd Joseph Koback.*

¶ 1. N. PATRICK CROOKS, J.    This case is before the court on certification from the Court of Appeals, District III, pursuant to Wis. Stat. § 809.61 (1999–2000).[1] The parties dispute what damages an insured can pursue in a bad faith action against an insurer. Specifically, we address whether bad faith tort damages include those damages that could also be pursued in a breach of a fire insurance contract cause of action, such as the policy proceeds. We further address whether an insured is barred from pursuing those damages in a bad faith claim when the insured's breach of a fire insurance contract claim is barred by the statute of limitations.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

¶ 2.   After reviewing the development of the tort of bad faith in Wisconsin, we conclude that the circuit court's order prohibiting the plaintiffs from attempting to collect any damages otherwise recoverable under a breach of contract claim was an erroneous exercise of discretion. Although we agree with the circuit court's conclusion that the tort of bad faith is a separate cause of action from a breach of an insurance contract claim, the absence of a valid breach of contract claim does not prohibit the plaintiffs from pursuing certain damages in a bad faith claim. We specifically rely on language from *DeChant v. Monarch Life Insurance Company,* 200 Wis. 2d 559, 571, 547 N.W.2d 592 (1996), stating, "when an insurer acts in bad faith by denying benefits, it is liable to the insured in tort for any damages which are the proximate result of that conduct." Accordingly, we conclude that the plaintiffs are entitled to pursue any damages which are the proximate result of the defendant's alleged bad faith, including damages that were otherwise recoverable in a breach of an insurance contract claim.

¶ 3.   We further conclude that the circuit court's dismissal of the plaintiffs' breach of a fire insurance contract claim due to the failure to comply with the statute of limitations, does not alter our holding in this case. A bad faith claim is governed by a two-year statute of limitations, rather than the one-year statute of limitations governing a breach of a fire insurance contract claim. While plaintiffs should not be able to recover duplicative damages under both a bad faith tort claim and a breach of contract claim, we do not face that potential here because their breach of an insurance contract claim has been dismissed. Consequently, we conclude that the circuit court erred by concluding that the plaintiffs' ability to pursue damages under their bad

faith claim is controlled by the absence of a valid breach of a fire insurance contract claim. They were thus prohibited from attempting to collect damages otherwise recoverable under such a breach of contract claim. Under *DeChant,* we conclude that the plaintiffs are able to pursue "any damages which are the proximate result" of the defendant's alleged bad faith, if bad faith is established at trial.

I

¶ 4. The relevant facts are not in dispute.[2] Since approximately 1985, Thomas and Joan Jones (hereinafter the Joneses) owned a residence and motel located near a lake in Woodruff, Wisconsin. In 1993, the Joneses insured the property with Secura Insurance Company (hereinafter Secura).[3] In the process of approving the insurance coverage, a representative from Secura did an inspection of the Joneses' property and graded the risk as "good."[4]

¶ 5. In approximately May 1997, the Joneses presented a notice of loss to Secura for damages to their residence and motel. The Joneses reported that their home appears to be leaning toward the lake, the chimney

---

[2] In their brief, Thomas and Joan Jones allege several facts relating to the merits of their bad faith claim. The merits of their bad faith claim, however, are not before this court, which makes it unnecessary to discuss those facts alleged in their brief.

[3] We find it unnecessary to lay out the specific language of the insurance policy because the circuit court's grant of summary judgment on the breach of contract claim is not before this court. Furthermore, we do not rely on the policy language in determining what damages the Joneses can pursue under their bad faith claim.

[4] The grading of risk appears on the Secura Dwelling Survey Report. The grading of risk for the Joneses' property was "Good" out of a scale of Excellent, Good, Fair, and Poor.

is separating from the house, and the deck is slanting. On May 21, 1997, Wayne Bognar, a Secura Claims Adjuster, inspected the Joneses' property and denied coverage for their claim. Bognar concluded that the damage was the result of an on-going situation, rather than a collapse, and was not covered by the Joneses' policy.

¶ 6. On March 18, 1999, the Joneses filed this lawsuit against Secura in Vilas County Circuit Court. The Joneses claimed, among other things, breach of the insurance contract and bad faith. On May 17, 2000, the circuit court, the Honorable James B. Mohr, presiding, granted summary judgment in favor of Secura on the breach of contract claim. The circuit court concluded that the breach of contract claim was barred by the one-year statute of limitations pursuant to Wis. Stat. § 631.83(1)(a).[5] At the same time, the circuit court

---

[5] Wisconsin Stat. § 631.83(1)(a) provides in part:

An action on a fire insurance policy must be commenced within 12 months after the inception of the loss. This rule also applies to riders or endorsements attached to a fire insurance policy covering loss or damage to property or to the use of or income from property from any cause, and to separate windstorm or hail insurance policies.

The Joneses' insurance policy is a fire insurance policy governed by the statute of limitations in § 631.83. The phrase "fire insurance" includes all types of property indemnity insurance. *Borgen v. Economy Preferred Ins. Co.*, 176 Wis. 2d 498, 502–03, 500 N.W.2d 419 (Ct. App. 1993) (citing *Villa Clement, Inc. v. National Union Fire Ins. Co.*, 120 Wis. 2d 140, 147, 353 N.W.2d 369 (Ct. App. 1984). The Joneses' policy is a fire insurance policy and therefore, any cause of action based on the policy must be commenced within the one-year statute of limitations. Accordingly, all subsequent references to "breach of insurance contract claim" or "breach of insurance contract cause of action" refer to a cause of action on a fire insurance policy governed by the statute of limitations in § 631.83.

denied Secura's motion for summary judgment on the bad faith claim.

¶ 7. In response to the circuit court's grant of summary judgment on the breach of contract claim, Secura filed a motion for declaratory judgment. Secura requested that the circuit court declare that the Joneses' claims for damages, as a result of the lost use of their property, lost property, and lost business, were not recoverable under their bad faith tort claim. Secura argued that the alleged damages are not recoverable under the bad faith tort claim, because they are contract damages properly dismissed with the Joneses' breach of contract claim. The Joneses responded by claiming that Secura is liable for any damages which are the proximate result of Secura's bad faith.

¶ 8. On October 5, 2000, the circuit court held a hearing on Secura's declaratory judgment motion. At the end of the hearing, the circuit court judge granted Secura's motion. The court recognized that this was an issue of first impression in Wisconsin and acknowledged difficulty in making its decision.

> I must admit after having read the briefs and several of the cases that the parties cited, the *DeChant* case, *Anderson, Poling,* I think *Heyden* was cited, I was somewhat surprised that this issue specifically apparently has never been addressed. . . . And I had some difficulty in making my way through the earlier court decisions dealing with the facts of this particular case. However, since I must make a ruling one way or another here, I am satisfied, after reading those cases and, obviously, your brief[s], that the courts in the past have essentially noted a basic difference between a breach of contract and a bad faith claim, and they have indicated that the tort of bad faith is a separate, intentional wrong and creates damages, from what I can glean, that are unrelated to contract damages.

629

... I guess my holding is going to be that in a bad faith action, what is recoverable are damages that would not have been incurred but for the insurer's tortious conduct. And, I am just holding that I accept the argument of defendants in this action. I'm troubled with [the] situation, and it seems to go both ways, the plaintiff talks about the policy concerning insurer, insurance liability, and insurance company talks about, well, we have these statutes of limitations that apply as well. But, it would seem to me, if the court were to now allow plaintiff to recover the same damages the court previously held are not recoverable after having then dismissed the contract action, would really be unpalatable to the court.

On October 19, 2000, the circuit court issued a written order prohibiting the Joneses from attempting to collect any damages which would have been recoverable under their previously dismissed contract claim.

¶ 9. The Joneses appealed the circuit court's nonfinal order to the Wisconsin Court of Appeals, District III. The court of appeals granted the interlocutory appeal, and subsequently certified the appeal to this court. We granted review of all issues raised on appeal.

II

¶ 10. Since both parties rely largely on a handful of cases, we first use those cases to provide an overview of the development of the bad faith tort claim in Wisconsin. We specifically focus on what damages are recoverable in a bad faith action.

¶ 11. This court first recognized a bad faith claim in *Anderson v. Continental Insurance Co.*, 85 Wis. 2d 675, 686, 271 N.W.2d 368 (1978). We explicitly recognized a bad faith claim sounding in tort, although arising out of a contractual relationship. *Id.* "By virtue

630

of the relationship between the parties created by the contract, a special duty arises, the breach of which duty is a tort and is unrelated to contract damages." *Id.* The duty referred to is the special duty of good faith and fair dealing arising out of the contractual relationship. *Id.* at 686, 689 (citing Restatement (Second) of Contracts § 231 (Tentative Drafts Nos. 1–7, Rev. and Edited, 1973)). This court also made clear that "the tort of bad faith is not for the breach of a contract. It is a separate tort." *Id.* at 696.

¶ 12. In adopting the tort of bad faith, we relied on the rationale of *Gruenberg v. Aetna Insurance Co.,* 510 P.2d 1032 (Cal. 1973), and this court's decision in *Hilker v. Western Automobile Insurance Co.,* 204 Wis. 1, 231 N.W. 257 (1930), *on reargument,* 204 Wis. 12, 235 N.W. 413 (1931). *Anderson,* 85 Wis. 2d at 687. In *Hilker,* the court found that the insurance company acted in bad faith in settling a claim of a third party against an insured. 204 Wis. at 10. In recognizing that the insurance company's conduct was bad faith, the court acknowledged that an insurer owes a duty to the insured, analogous to that of a fiduciary. *Id.* at 13. The *Hilker* court also emphasized that an insurance company's decision on a claim is in good faith, if it is based upon a knowledge of the facts and circumstances upon which liability is predicated. *Id.* at 15. "The lack of reasonable diligence and the insurer's refusal to determine the nature and extent of the liability evidenced bad faith." *Anderson,* 85 Wis. 2d at 688 (discussing *Hilker*).

¶ 13. In *Gruenberg,* the California Supreme Court concluded that an insurance company has a duty to deal fairly and in good faith with its insured. 510 P.2d at 1037. In *Anderson,* we expressly adopted the following statement from *Gruenberg* as the law in Wisconsin:

631

> It is manifest that a common legal principle underlies all of the foregoing decisions; namely, that in every insurance contract there is an implied covenant of good faith and fair dealing. The duty to so act is imminent in the contract whether the company is attending to the claims of third persons against the insured or the claims of the insured itself. Accordingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort.

85 Wis. 2d at 689 (quoting *Gruenberg,* 510 P.2d at 1038). In *Anderson* we also went on to establish what a plaintiff must show in order to prove bad faith. "To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Id.* at 691.

¶ 14. In addition to recognizing the tort of bad faith in *Anderson,* this court addressed what damages are available in a bad faith action. We emphasized that bad faith is an intentional tort and that a bad faith action may "result in not only compensatory damages, but also punitive damages and damages for emotional injury." *Id.* at 694. Recovery for emotional distress caused by an insurer's bad faith should be only allowed for severe distress, and when substantial other damage is suffered apart from the loss of contract benefits. *Id.* at 696. Furthermore, for punitive damages to be awarded, there must be a showing of "evil intent" or of a "special ill-will or wanton disregard of duty." *Id.* at 697.[6]

---

[6] The standard for punitive damages is currently codified in Wis. Stat. § 895.85. Section 895.85(3) states: "The plaintiff may receive punitive damages if evidence is submitted showing

¶ 15. After *Anderson,* the court of appeals addressed damages available in a bad faith tort action in *Poling v. Wisconsin Physicians Service,* 120 Wis. 2d 603, 357 N.W.2d 293 (Ct. App. 1984), and *Heyden v. Safeco Title Insurance Co.,* 175 Wis. 2d 508, 498 N.W.2d 905 (Ct. App. 1993). In *Poling,* the court of appeals affirmed the jury's finding of bad faith and the jury's award of damages for emotional distress, substantial other damages, and punitive damages. 120 Wis. 2d at 609–11. Similarly, in *Heyden,* the court of appeals addressed damages available under the tort of bad faith.[7] "[A]n insured may recover compensatory damages sustained as a consequence of the insurance company's tort of 'bad faith' and these damages are of a different species than those that may be recovered for breach of the insurance contract." *Heyden,* 175 Wis. 2d at 520.

that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff." *See also Unified Catholic Sch. of Beaver Dam Educ. Ass'n v. Universal Card Services Corp.,* 34 F. Supp. 2d 714, 718 (E.D. Wis. 1999). Section 895.85 changed the previous standard which allowed punitive damages if the defendant's conduct was "outrageous:" Wis. JI-Civil 1707.1 n.1 (citing *Brown v. Maxey,* 124 Wis. 2d 426, 369 N.W.2d 677 (1985)).

[7] The court of appeals also addressed whether expert testimony is required in order to establish a claim of bad faith. *Heyden v. Safeco Title Ins. Co.,* 175 Wis. 2d 508, 522, 498 N.W.2d 905 (Ct. App. 1993). In *Weiss v. United Fire & Casualty Co.,* 197 Wis. 2d 365, 382, 541 N.W.2d 753 (1995), this court overruled *Heyden* to the extent it was contrary to our decision that "when an insurer's alleged breach of its duty of good faith and fair dealing toward its insured involves facts and circumstances within the common knowledge or ordinary experience of an average juror, an insured need not introduce expert testimony to establish a bad faith claim."

¶ 16. In 1987, this court discussed the claim of bad faith in *Warmka v. Hartland Cicero Mutual Insurance,* 136 Wis. 2d 31, 400 N.W.2d 923 (1987). Although damages were not at issue, *Warmka* is significant because it clearly established that the tort of bad faith is governed by the two-year statute of limitations in Wis. Stat. § 893.57.[8] *Id.* at 35. We explicitly rejected the argument that a bad faith claim is governed by the one-year statute of limitations in § 631.83(1)(a), because the one-year statute of limitations applies only to actions "on the policy." *Id.*

¶ 17. After *Warmka,* this court again addressed what damages are available in a bad faith tort action in *DeChant v. Monarch Life Insurance Co.,* 200 Wis. 2d 559, 547 N.W.2d 592 (1996). Specifically, we reviewed the jury's award of damages, including attorneys' fees, bond premiums, and "all other" bad faith damages. 200 Wis. 2d at 566. Relying on *Anderson,* we first reviewed the nature of the tort of first-party bad faith and the damages generally available.

> By virtue of the relationship between the parties created by an insurance contract, a special duty arises, the *breach of which duty is a tort and is unrelated to contract damages. . . .* The tort of bad faith "is a separate intentional wrong, which results from a breach of duty imposed as a consequence of the relationship established by contract." . . . *When such a breach occurs, the insurer is liable for any damages which are the proximate result of that breach.*

*Id.* at 569–70 (quoting *Anderson,* 85 Wis. 2d at 687)

---

[8] Wisconsin Stat. § 893.57 provides: "An action to recover damages for libel, slander, assault, battery, invasion of privacy, false imprisonment or other intentional tort to the person shall be commenced within 2 years after the cause of action accrues or be barred."

(emphasis added). We subsequently reiterated the purpose and standard for bad faith damages several times throughout the opinion: "Its primary purpose is to *redress all economic harm proximately caused by an insurer's bad faith.*" *Id.* at 570 (emphasis added). "We conclude that when an insurer acts in bad faith by denying benefits, it is liable to the insured in tort for *any damages which are the proximate result of that conduct.*" *Id.* at 571 (emphasis added). "When an insurer acts in bad faith, a plaintiff is allowed to recover for *all detriment proximately resulting* from the insurer's bad faith." *Id.* at 572–73 (emphasis added). Applying this "proximately caused" standard, we concluded "that attorney's fees and bond premiums are recoverable by a prevailing party in a first-party bad faith action as part of those compensatory damages resulting from the insurer's bad faith." *Id.* at 577.

¶ 18. Several subsequent cases have applied *DeChant,* especially regarding the validity of awarding attorneys' fees as damages in a bad faith action. *See Danner v. Auto-Owners Ins.,* 2001 WI 90, ¶ 79, 245 Wis. 2d 49, 629 N.W.2d 159; *Allied Processors, Inc. v. W. Nat'l Mut. Ins. Co.,* 2001 WI App 129, ¶ 43, 246 Wis. 2d 579, 629 N.W.2d 329 (relying on *DeChant* to affirm the trial court's ruling that attorney fees are recoverable, and further awarding expert witness fees and attorneys' travel expenses as compensatory damages for bad faith claim); *Majorowicz v. Allied Mut. Ins. Co.,* 212 Wis. 2d 513, 536, 569 N.W.2d 472 (Ct. App. 1997) (applying "proximate result" standard for bad faith damages, including attorneys' fees); *see also McEvoy v. Group Health Coop.,* 213 Wis. 2d 507, 570 N.W.2d 397 (1997) (applying bad faith tort to HMOs and relying on "proximate result" standard for damages).

635

### III

¶ 19. We now turn directly to the issue in this case, whether contract damages, such as policy proceeds, are recoverable in a bad faith tort action, even when the insured's breach of a fire insurance contract claim is barred by the statute of limitations. "In a declaratory judgment action, the granting or denying of relief is a matter within the discretion of the circuit court." *See Hull v. State Farm Mut. Auto. Ins. Co.,* 222 Wis. 2d 627, 635, 586 N.W.2d 863 (1998). We will uphold the circuit court's decision as long as the circuit court's exercise of discretion was not "based on an error of law." *Id.* at 636 (citation omitted). What damages an insured can recover in a bad faith action is a question of law, which we review independently, benefiting from the circuit court's analysis. *See DeChant,* 200 Wis. 2d at 568 (whether an insured can recover attorney's fees as damages in a bad faith action is a question of law) (citing *Newhouse v. Citizens Security Mut. Ins.,* 176 Wis. 2d 824, 837, 501 N.W.2d 1 (1993)); *Allied Processors,* 2001 WI App 129, ¶ 50·("[W]hat damages a prevailing plaintiff in a bad faith claim may recover presents a legal issue.").

¶ 20. The Joneses argue that the circuit court erroneously exercised its discretion in granting Secura's motion for a declaratory judgment. In support of their position, the Joneses argue: (1) the circuit court failed to apply the unambiguous holding in *DeChant* and subsequent cases holding the insurer liable for all damages proximately caused by the insurer's bad faith; (2) the circuit court confused "claim" with "recovery," because the statute of limitations applies only to claims and does not preclude recovery of damages pursuant to

636

a separate claim; and (3) the circuit court's decision eviscerates the public policy behind the allowance of bad faith claims.

¶ 21. First, according to the Joneses, the circuit court failed to apply the unambiguous holding of *DeChant,* which holds the insurer liable for "any damages which are the proximate result" of the insurer's bad faith. 200 Wis. 2d at 570. The Joneses contend that their contract damages fall within the holding in *DeChant,* because those damages are the proximate result of Secura's bad faith. In arguing that the circuit court failed to apply *DeChant,* the Joneses also contend that the unambiguous language in *DeChant* overruled any contrary language in *Poling* and *Heyden.* Specifically, the Joneses argue that *DeChant's* holding that "the insurer is liable for any damages which are the proximate result" of bad faith, overrules language indicating that an insured can recover only damages "other than those attributable to the breach of contract," *Poling,* 120 Wis. 2d at 609, and damages that are "a different species than those that may be recovered for breach of the insurance contract." *Heyden,* 175 Wis. 2d at 520. Furthermore, according to the Joneses, subsequent cases, including *Danner* and *Allied Processors,* rely on the proximate result rationale. *See also Crookston v. Fire Ins. Exch.,* 817 P.2d 789 (Utah 1991) (holding that a bad faith tort claim is not an action on the contract, therefore, since tort of bad faith is not barred by statute of limitations, insureds allowed to recover all damages attributable to the tort). In *Danner,* this court affirmed an award of actual attorneys' fees for the underlying contract action, and attorneys' fees in the bad faith action, as compensatory damages. 2001 WI 90, ¶¶ 77, 79. Moreover, in *Allied Processors,* the court of appeals affirmed an award of attorneys' fees

637

and concluded that the trial court erred in not allowing expert witness expenses and attorneys' travel expenses as compensatory damages in the bad faith action. 2001 WI App 129. The Joneses argue that the circuit court erred by not applying the "proximate cause" rationale, and therefore, they should be allowed to pursue all damages in their bad faith claim, including those otherwise recoverable in a breach of an insurance contract action.

¶ 22. The Joneses further argue that allowing an insured to recover contract damages fulfills the purpose of a bad faith claim. In *DeChant*, this court stated that the "primary purpose [of the tort of bad faith] is to redress all economic harm proximately caused by an insurer's bad faith." 200 Wis. 2d at 570. According to the Joneses, the circuit court's order is an erroneous exercise of discretion, because the court is prohibiting their ability to pursue recovery of all economic harm proximately caused by Secura's bad faith.

¶ 23. Second, the Joneses argue that the circuit court's decision confuses "claim" with "recovery." The Joneses contend that the one-year statute of limitations in Wis. Stat. § 631.83(1)(a) applies only to their breach of an insurance contract claim, and not all damages that would have been recoverable under that claim. Because their bad faith tort claim is governed by the two-year statute of limitations in § 893.57, and their bad faith action was timely commenced, their inability to bring the breach of contract claim does not preclude the "recovery" of damages pursuant to their separate and distinct bad faith tort claim.[9] The Joneses urge us

---

[9] The Joneses make clear that they are not seeking a double recovery. A plaintiff should not be allowed to recover damages under a breach of contract theory and then recover the same

to follow the reasoning in *Taylor v. State Farm Fire and Casualty Co.*, 981 P.2d 1253 (Okla. 1999), where the Supreme Court of Oklahoma directly addressed this issue. In *Taylor*, the plaintiff's breach of contract claim was barred by the statute of limitations, but the trial court allowed the jury to award the plaintiff bad faith damages for the loss payable under the policy *and* for damages "consistent with [the] harm flowing from [the] insurer's bad-faith breach." *Id.* at 1258. In addition to relying on *Taylor*, the Joneses analogize to products liability cases where a court's dismissal of a warranty claim based in contract does not limit the injured plaintiff's recovery for property damages and personal injuries in its strict products liability claim. *See Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 644, 273 N.W.2d 233 (1979) (holding that in light of the court's development of products liability, "it is inappropriate to bring an action for breach of warranty where a tort remedy is sought"). Under both *Taylor* and the products liability analogy, the Joneses argue that the circuit court's order was an erroneous exercise of discretion, because the court confused the idea of "claim" with that of "recovery."

¶ 24.  The Joneses' final argument is that upholding the circuit court's order would "eviscerate" the public policy behind allowance of bad faith claims. In their brief, the Joneses contend that upholding the circuit court's decision would effectively create a bifurcated statute of limitations for bad faith claims where homeowner's and property insurance policy damages are governed by a one-year statute of limitations, but all

---

damages again under a bad faith tort theory. As noted previously, the Joneses' breach of contract claim was dismissed on summary judgment, therefore, there is no potential for a double recovery in this case.

other damages are governed by a two-year statute of limitations. According to the Joneses, this eviscerates the public policy behind bad faith claims—holding insurers accountable for breaching their fiduciary duty to their own insured. *Anderson,* 85 Wis. 2d at 689. Furthermore, the Joneses argue that this bifurcated statute of limitations is inconsistent with the notion that the tort of bad faith is a separate intentional tort, apart from the breach of contract. *See DeChant,* 200 Wis. 2d at 569; *Anderson,* 85 Wis. 2d at 696. Using the one-year statute of limitations for some damages in a bad faith action, fails to acknowledge that the tort of bad faith is an independent claim governed by a two-year statute of limitations. Accordingly, the Joneses contend that the circuit court's decision was an erroneous exercise of discretion, because it fails to follow *DeChant* and hold Secura liable for "any damages which are the proximate result" of Secura's bad faith. 200 Wis. 2d at 570.

¶ 25.   In response to the Joneses' arguments, Secura contends that the circuit court's grant of its declaratory judgment motion is within the circuit court's discretion and should be upheld. Specifically, Secura argues (1) under *Anderson* and *DeChant,* damages recoverable in a bad faith claim are "unrelated" and "separate" from damages recoverable in a breach of contract claim; (2) this court should not rely on *Taylor* or the Joneses' analogy to products liability cases; and (3) Wisconsin's public policy regarding bad faith claims is narrow and restrictive.

¶ 26.   Secura first argues that the Joneses' interpretation of *DeChant* is incorrect and that *DeChant* actually supports the circuit court's order. According to Secura, *DeChant* holds that the tort of bad faith is a separate intentional wrong, which creates damages

"unrelated to contract damages." 200 Wis. 2d at 569. Secura argues that *DeChant,* relying on *Anderson,* clarifies the court of appeals decisions in *Poling* and *Heyden* by distinguishing between damages arising from the breach of the special duty created by contract and the breach of contract. *Id.* According to Secura, the circuit court's decision was correct because the Joneses' contract damages were extinguished when the circuit court granted summary judgment on that claim in favor of Secura. Consequently, the Joneses' were appropriately prohibited from attempting to collect any damages recoverable under the contract claim, because the Joneses' bad faith claim is a separate action with "unrelated" damages.

¶ 27. Second, Secura argues that this court should not find guidance in *Taylor* or the Joneses' analogy to products liability cases. Secura contends that *Taylor* is not controlling because it is an Oklahoma case, and furthermore, *Taylor* is not persuasive, because Oklahoma's bad faith public policies are different than those of Wisconsin. Specifically, Secura argues that Oklahoma is significantly different because, unlike Wisconsin's intentional requirement to prove bad faith, Oklahoma adopted the expansive definition of bad faith, requiring an insured to prove only that the insurer unreasonably interpreted the contract. *See Christian v. Am. Home Assurance Co.,* 577 P.2d 899, 905 (Okla. 1977). Based on this difference, Secura argues that Wisconsin should not look to Oklahoma for guidance regarding the tort of bad faith.

¶ 28. Secura further contends that the Joneses' analogy to products liability cases is misleading. According to Secura, the Joneses' analogy breaks down because courts have not restricted causes of action arising from a breach of contract (a breach of an

641

insurance contract may give rise to both a breach of contract action and a bad faith tort action), but have restricted claims based on allegations concerning a defective product.[10] Secura further argues that the products liability analogy is unpersuasive, because in order to prevail on the bad faith action, an insured usually must prove that he or she is entitled to a directed verdict on the breach of contract claim. *See Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 68 (Tex. 1997). Accordingly, defendant argues that the circuit court's decision was correct, because it followed *DeChant,* concluding that breach of contract and bad faith actions are separate and the damages for each are "unrelated."

¶ 29.    Finally, Secura argues that the Joneses' public policy argument is misplaced, because Wisconsin's public policy regarding bad faith is narrow and restrictive. In adopting the tort of bad faith, Wisconsin adopted a narrow version of the claim by making bad faith an intentional tort. *See Anderson,* 85 Wis. 2d at 693–94. In *Anderson,* this court explicitly recognized that an insurance company will be found liable only where it has "intentionally denied (or failed to process or pay) a claim without a reasonable basis." *Id.* at 693. Compared to California's bad faith action in *Gruenberg,* which requires an insured only to establish that the insurer unreasonably interpreted the insurance contract, 510 P.2d at 1038, Wisconsin's bad faith claim is considerably more narrow. According to Secura, the damages available under the tort of bad faith should be

---

[10] Specifically, Secura relies on *Austin v. Ford Motor Co.,* 86 Wis. 2d 628, 645–646, 273 N.W.2d 233 (1979), and at pages 26 and 27 in its brief, Secura argues it is "clear that *no* contract action exists in the product liability setting; rather, only a tort action for strict liability exists."

similarly restricted, as contract damages cannot be re-characterized and recovered as tort damages to avoid the effect of the statute of limitations.[11] Secura's final public policy argument is that the circuit court's order is correct in light of a growing nationwide concern that bad faith has been expanded too far.[12] Secura urges this court not to expand bad faith in Wisconsin by allowing insureds to attempt to collect damages otherwise recoverable under a dismissed contract claim. According to Secura, by enacting Wis. Stat. § 631.83(1), the legislature made a policy decision that claims seeking policy benefits for the breach of an insurance contract must be brought within one year of the inception of the loss. The

[11] Secura also notes that even California, with a broad bad faith policy, prohibits recovery of contract damages in a bad faith action by holding that the tort of bad faith is an action "on the policy" and is governed by the same one-year statute of limitations as a breach of a fire insurance contract claim. *See Prieto v. State Farm Fire & Cas. Co.,* 225 Cal. App. 3d 1188, 1193 (Cal. Ct. App. 1990) (citing *Abari v. State Farm Fire & Cas. Co.,* 205 Cal. App. 3d 530, 536 (Cal. Ct. App. 1988). We decline to address this reasoning any further in light of clear Wisconsin precedent that a bad faith tort action is not an action "on the policy" and is governed by the two-year statute of limitations in Wis. Stat. § 893.57, rather than the one-year statute of limitations in § 631.83(1)(a). *Warmka v. Hartland Cicero Mut. Ins. Co.,* 136 Wis. 2d 31, 35, 400 N.W.2d 923 (1987).

[12] Secura cites a Texas case and several law review articles to support its position regarding the growing national concern over the expansion of bad faith. *See Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 63 (Tex. 1997) (J. Hecht, concurring); Douglas R. Richmond, *An Overview of Insurance Bad Faith Law and Litigation,* 25 Seton Hall L. Rev. 74, 76 (1994); Alan O. Sykes, *"Bad Faith" Breach of Contract by First-Party Insurers,* 25 J. Legal Stud. 405, 443 (1996); Robert H. Jerry, II, *The Wrong Side of the Mountain: A Comment on Bad Faith's Unnatural History,* 72 Tex. L. Rev. 1317, 1343 (1994).

circuit court's order, therefore, was not an erroneous exercise of discretion, because it appropriately distinguished bad faith tort damages as unrelated to contract damages, and prohibited the Joneses from pursuing contract damages in their bad faith tort claim.

¶ 30.   We conclude that the circuit court's order was an erroneous exercise of discretion, because it was based on an error of law. *See Hull,* 222 Wis. 2d at 636. We recognize, however, that the circuit court faced a difficult decision, because this case presents the issue directly for the first time in Wisconsin.

■

¶ 31.   Under *Anderson* and *Warmka,* it is clear that breach of contract and the tort of bad faith are two separate claims or causes of action. In *Anderson,* we recognized the tort of bad faith as a separate and distinct claim, 85 Wis. 2d at 686, and in *Warmka* we further distinguished the claims by holding that the tort of bad faith is governed by the two-year statute of limitations, rather than the one-year statute of limitations governing breach of fire insurance contract claims. 136 Wis. 2d at 36. However, in *Anderson* and *Warmka* it remains unclear, whether damages for the tort of bad faith and breach of an insurance contract must be similarly separate and distinct, or whether damages in a bad faith claim may include damages otherwise available in a breach of insurance contract claim.

■

¶ 32.   The Joneses and Secura both rely heavily on language from *DeChant* in support of their respective arguments. Secura focuses on language citing *Anderson,* concluding that the tort of bad faith is "unrelated to contract damages." *DeChant,* 200 Wis. 2d at 569. In contrast, the Joneses focus on the court's conclusion

that "when an insurer acts in bad faith by denying benefits, it is liable to the insured for any damages which are the proximate result of that conduct." *Id.* at 571. While the language in *DeChant* seems to support both positions, we conclude that the language Secura relies on is simply a reiteration of this court's holding in *Anderson.* The *DeChant* case centered on damages for the tort of bad faith, specifically attorneys' fees and bond premiums. Therefore, in deciding what damages the Joneses are able to pursue in this bad faith case, we rely on the court's conclusion in *DeChant* that an insurer is "liable to the insured . . . for any damages which are the proximate result" of the insurer's bad faith.[13] *Id.*

¶ 33. While we find the language in *DeChant* controlling, we find it unnecessary to conclude that *Poling* and *Heyden* were overruled by *DeChant.* The language in *Poling* and *Heyden,* referring to bad faith damages as not attributable to breach of contract and a different species than contract damages, is similar to language in *DeChant* that a bad faith claim gives rise to damages "unrelated" to contract damages. 200 Wis. 2d at 569. Because this is the first time we directly address this issue, we now clarify any discrepancy among the cases by holding that an insurer is liable for any damages which are the proximate result of the insurer's

---

[13] We base our decision on controlling Wisconsin case law, but we find several cases from foreign jurisdictions instructive, including *Taylor v. State Farm Fire and Casualty Co.,* 981 P.2d 1253 (Okla. 1999); *Crookston v. Fire Insurance Exchange,* 817 P.2d 789 (Utah 1991) and *Universe Life,* 950 S.W.2d at 68. Also, we find it unnecessary to ground our holding on an analogy to products liability case law. We, therefore, do not address the parties' arguments comparing bad faith claims to products liability case law.

bad faith. In order to prevent further confusion or potential misapplication of language in *DeChant, Poling,* or *Heyden,* we now withdraw any language from those cases to the contrary.[14]

¶ 34. This court's "proximate result" language from *DeChant* controls our conclusion in this case. We interpret the language in *DeChant,* "liable for any damages which are the proximate result" of bad faith, as inclusive of any and all damages caused by the insurer's tort of bad faith. Consequently, "any damages" may include damages that could also be recoverable independently in a breach of insurance contract action. As recognized above, the tort of bad faith and breach of an insurance contract are two separate claims or causes of action, governed by two separate statutes of limitations. As two separate claims, they appropriately lead to recovery of separate, but not necessarily exclusive, damages. It would be inconsistent, therefore, to prohibit pursuit of some bad faith damages because of application of the statute of limitations for a breach of an insurance contract claim.

---

[14] For example, we withdraw language from *DeChant v. Monarch Life Insurance Co.,* 200 Wis. 2d 559, 569, 547 N.W.2d 592 (1996), indicating that bad faith damages are "unrelated to contract damages" and language from *Heyden v. Safeco Title Insurance Co.,* 175 Wis. 2d 508, 520, 498 N.W.2d 905 (Ct. App. 1993), discussing bad faith damages as "of a different species than those that may be recovered for breach of the insurance contract." We also withdraw similar language from *Poling v. Wisconsin Physicians Service,* 120 Wis. 2d 603, 609, 357 N.W.2d 293 (Ct. App. 1984), stating, "*Anderson* requires a plaintiff seeking bad faith damages to prove emotional distress *and* substantial damages other than those attributable to the breach of contract."

¶ 35. Furthermore, we recognize that the tort of bad faith can lead to recovery of the same damages as the breach of contract action, if and only if, those damages are the "proximate result" of the insurer's tortious conduct. The "proximate result" standard from *DeChant* controls the scope of damages available in a bad faith action, regardless of whether damages falling within that scope would be otherwise recoverable in a breach of an insurance contract claim.

¶ 36. The policy behind the tort of bad faith supports this conclusion. In *DeChant* we recognized that the "primary purpose [of the tort of bad faith] is to redress all economic harm proximately caused by an insurer's bad faith." 200 Wis. 2d at 570. "The underlying rationale of the tort [of bad faith] is that an insurance company should have something more to lose than the contract payment if it intentionally denies a claim it knows it should pay. The contract amount due plus interest is not enough." Arnold P. Anderson, *Wisconsin Insurance Law* § 9.1 (4th ed. 1998). We therefore have not limited the scope of a bad faith claim to recovery of only those damages not otherwise recoverable in a breach of insurance contract action. Accordingly, the "proximate result" standard controls what damages are available, and does not exclude from recovery those damages otherwise available in a breach of an insurance contract claim.

¶ 37. We disagree with Secura's contention that our conclusion expands the doctrine of bad faith in Wisconsin and is inconsistent with Wisconsin's narrow and restrictive version of the tort of bad faith. While we acknowledge that the tort of bad faith in Wisconsin is an intentional tort, we find it unpersuasive that we

should therefore restrict what damages a plaintiff can recover in a bad faith action. The fact that the tort of bad faith is an intentional tort means that plaintiffs alleging bad faith are subject to the burden of proving intent. *See Anderson,* 85 Wis. 2d at 693 (insurance company "liable only where it has intentionally denied (or failed to process or pay) a claim without a reasonable basis"). Because of this burden of proving intent, we recognize that often times a bad faith claim may be more difficult to establish than a breach of contract claim. We conclude, therefore, that the intentional nature of the tort of bad faith is not a valid reason to limit damages. If an insured successfully proves that the insurer intentionally denied a claim without a reasonable basis, the insured is entitled to recover all damages which are the proximate result of the insurer's bad faith.[15]

¶ 38. Finally, we turn to the practical impact of the statute of limitations and Secura's argument that allowing the Joneses to pursue contract damages in their bad faith action effectively extends the one-year statute of limitations for breach of a fire insurance contract to two years. The Joneses have filed their bad faith action in a timely fashion, and are entitled to pursue any damages that are the proximate result of Secura's bad faith. If the Joneses' prove their allegations—that but for Secura's bad faith they would not have suffered their claimed damages, and that those damages are the proximate result of Secura's bad faith, the Joneses may recover any such damages. The fact that some of those damages would have otherwise been

---

[15] We note, however, that our decision in this case does not rely on, or interpret, the language of the insurance policy. Our holding, therefore, does not contemplate or address the impact of the insurance policy limits.

recoverable in a timely filed breach of insurance contract action makes no difference in this case.

## IV

¶ 39. In sum, we have concluded that the circuit court's order limiting damages was an erroneous exercise of discretion because it was based on an error of law. We have examined the case law, starting with *Anderson* and continuing through *DeChant,* and have clarified what damages an insured can pursue in a bad faith action. Based on *DeChant* and the public policy behind the tort of bad faith, we have concluded that in a first-party bad faith action, an insurer is liable to the insured for any damages which are the proximate result of the insurer's bad faith, including damages otherwise recoverable in a breach of an insurance contract action. We have concluded that even though the one-year statute of limitations on the Joneses' contract claim passed before this action was commenced, the Joneses are not barred from pursuing and recovering damages on their bad faith claim, including damages otherwise recoverable in a breach of an insurance contract action. The Joneses are allowed to recover any damages that are the proximate result of Secura's alleged bad faith, if bad faith is established at trial.

*By the Court.*— The order of the circuit court is reversed and the cause is remanded.