COURT OF APPEALS
DECISION
DATED AND FILED

December 6, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP838**

Cir. Ct. No. **2020CV989**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

DOROTHY A. PENDER,

PLAINTIFF-APPELLANT,

V.

ARTISAN AND TRUCKERS CASUALTY COMPANY, LJ AUTO REPAIR AND SERVICES, LLC, JUSTIN L. MORGAN, JOHN EARL SAMS, JR., ABC INSURANCE CO. AND DEF INSURANCE CO.,

DEFENDANTS-RESPONDENTS,

ALEX AZAR,

SUBROGATED-PLAINTIFF-RESPONDENT.

---

APPEAL from a judgment of the circuit court for Milwaukee County: LINDSEY CANONIE GRADY, Judge. *Reversed and cause remanded for further proceedings.*

Before Donald, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Dorothy A. Pender appeals the circuit court order granting summary judgment in favor of Artisan and Truckers Casualty Company (Artisan).  Pender argues that Artisan failed to comply with Wisconsin's Financial Responsibility law for motor carriers and the Department of Transportation (DOT) administrative code regarding the cancellation of the insurance policy Artisan issued to LJ Auto Repair and Services, LLC (LJ Auto Repair); therefore, Artisan was liable when LJ Auto Repair's tow truck injured Pender in an accident. Artisan contends that the insurance policy it issued to LJ Auto Repair was canceled; therefore, no operative insurance contract existed at the time of the accident, which negated its liability.  Pender also argues that Artisan failed to show that its process of notification to DOT about the cancellation was sufficient as a matter of law.  We conclude that Artisan has not made a prima facie case for summary judgment.  Thus, we reverse and remand to the circuit court for further proceedings.

## BACKGROUND

¶2    This case arises out of an accident on November 30, 2018, in which Justin Morgan, driving an LJ Auto Repair tow truck, struck Pender as she walked in a crosswalk.  In February 2020, Pender filed a negligence action against Morgan; LJ Auto Repair; LJ Auto Repair's owner, John Earl Sams, Jr.; and their

relevant insurance companies.[1]  The complaint named Artisan as the insurance carrier for LJ Auto Repair.

¶3    Because the facts of this case turn on specific statutory and administrative provisions of law, we first recite the law at issue, namely WIS. STAT. § 194.41 (2019-20)[2] and WIS. ADMIN. CODE §§ TRANS 176.02 and 176.04 (Mar. 2012).[3]  WISCONSIN STAT. ch. 194 governs motor vehicle transportation, which includes motor carriers for hire and what we might commonly consider commercial vehicle transport.[4]  Liability for damages to persons or property by motor carriers is governed by § 194.41, also known as the Financial Responsibility law.  The operation of the Financial Responsibility law can require a motor carrier insurer to cover a loss not specifically assumed by the insurer, an exception to the

---

[1] In response to Pender's complaint, Artisan filed a counterclaim seeking declaratory relief alleging that it properly canceled the insurance policy it issued to LJ Auto Repair for failure to make premium payments.  Subsequently, Artisan filed a motion for summary judgment seeking a declaratory judgment declaring that it had no duty to indemnify or defend any of the defendants in this action.

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[3] All references to the Wisconsin Administrative Code are to the March 2012 version unless otherwise noted.

[4] For the purposes of this appeal, the details and exceptions of chapter 194 need not be examined, because it is undisputed that LJ Auto Repair's tow truck fell under the regulations set forth in this chapter.  For ease of reading, we refer to motor carriers as encompassing the vehicles regulated in this chapter.  *See* WIS. STAT. § 194.07.

general rule.[5]  ***Rural Mut. Ins. Co. v. Peterson***, 134 Wis. 2d 165, 173, 395 N.W.2d 776 (1986).

¶4      Under the Financial Responsibility law, DOT may not issue a permit to a motor carrier unless it has "on file with the department and in effect an approved certificate for a policy of insurance or other written contract" complying with DOT regulations by an authorized insurance carrier.  WIS. STAT. § 194.41(1). The insurance contract is subject to DOT approval and the contract "shall provide that the insurer shall be directly liable for" damages or injuries that "may be recovered against the owner or operator of any such motor vehicles by reason of the negligent operation thereof in such amount as the department may require." ***Id.***; *see also* ***Rural Mut. Ins. Co.***, 134 Wis. 2d at 171.

¶5      Also under the Financial Responsibility law, a motor carrier insurance contract subject to WIS. STAT. § 194.41 may not be "terminated at any time prior to its expiration under the terms thereof, nor canceled for any reason whatever, unless there has been filed with [DOT] by the insurer a notice thereof at least [thirty] days prior to the date of termination or cancellation."  Sec. 194.41(2). The statute sets forth that DOT must adopt rules for the administration and enforcement of this section.  Sec. 194.41(4).

¶6      DOT's enactment of the required rules and regulations are provided in WIS. ADMIN. CODE TRANS ch. 176.  "The purpose of this chapter is to prescribe

---

[5] Under Wisconsin law, "[j]udicial interpretation of a contract, including an insurance policy, seeks to determine and give effect to the intent of the contracting parties." ***American Fam. Mut. Ins. Co. v. American Girl, Inc.***, 2004 WI 2, ¶23, 268 Wis. 2d 16, 673 N.W.2d 65.  As a general rule, this court does "not interpret insurance policies to provide coverage for risks that the insurer did not contemplate or underwrite and for which it has not received a premium."  ***Id.***

the requirements of liability insurance policies and surety bonds for persons subject to the provisions" of WIS. STAT. § 194.41. Sec. TRANS 176.01(1). At issue are three administrative code procedures regulating insurance policies for motor carriers: Form E, Form F, and Form K. First, Form E is the Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance, in which the insurance carrier states it has issued a policy to a named insurer with the required liability endorsement. Sec. TRANS 176.02(1)(a). Second, Form F is the Uniform Bodily Injury and Property Damage Liability Insurance Endorsement, which must be attached to the certificate of insurance. Sec. TRANS 176.02(1)(b). Finally, Form K is the Uniform Notice of Cancellation of Motor Carrier Insurance policies, which the insurer must provide to DOT at the time of cancellation. Sec. TRANS 176.04(1). The notice of cancellation "is not effective until after [thirty] days from the date it is received by" DOT. Sec. TRANS 176.04(3).

¶7     With that law in mind, we return to the procedural events in this case. In response to Pender's negligence action, Artisan filed an answer and counterclaim seeking declaratory relief in March 2020. Artisan acknowledged that it issued a policy to LJ Auto Repair on June 19, 2018, but alleged that the policy was properly canceled for failure to make premium payments.[6] In May 2020, Artisan filed a motion for declaratory and summary judgments. First, Artisan asked the court to declare that the LJ Auto Repair's policy was cancelled before the accident and that there was no coverage or duty to defend arising out of

---

[6] In its briefing to the circuit court. Artisan stated that it cancelled LJ Auto Repair's insurance policy for non-payment in accordance with WIS. STAT. § 631.36, the statute regarding termination of general insurance contracts by insurers.

the policy. Second, Artisan asked the court to dismiss Pender's direct claim against it because there was no approved underlying insurance coverage.

¶8 In support of its motion for summary and declaratory judgments, Artisan submitted two affidavits relevant to the facts at issue. First, an Artisan representative attested that on June 19, 2018, Artisan issued an insurance policy to LJ Auto Repair with a policy period of June 19, 2018 through June 19, 2019. LJ Auto Repair failed to make payments in July and August 2018, and Artisan mailed a cancellation notice informing LJ Auto Repair that its insurance policy would be cancelled effective September 4, 2018.[7]

¶9 In the second affidavit, an Artisan process auditor described Artisan's compliance with DOT administrative regulations with regard to the insurance contract with LJ Auto Repair. Artisan submitted the first certificate of insurance, also known as Form E, to DOT on June 19, 2018; however, DOT rejected the form for having an incorrect name. On June 20, 2018, Artisan cancelled the first Form E and submitted a second Form E with updated name information. The second Form E was also rejected by DOT for an incorrect name. The first Form E's cancellation was effective July 25, 2018. The second Form E was cancelled on September 11, 2018, with an effective date of October 11, 2018. The process auditor also stated that Artisan cancelled LJ Auto Repair's insurance contract in compliance with the DOT Carriers and Trucking System (CaTS) manual by cancelling both rejected Form E documents, in accordance with the

---

[7] It is undisputed that LJ Auto Repair did not make payments to maintain its insurance contract with Artisan. Artisan argues on appeal that because LJ Auto Repair's insurance policy was cancelled for non-payment, it owed no liability through the terms of that policy. We do not interpret Pender to argue that Artisan could not or did not cancel LJ Auto Repair's policy for non-payment. Accordingly, we do not address this issue further.

DOT-provided training manual for insurance underwriters. The affidavit included a screenshot from a DOT system that showed the Form E submissions and cancellations.

¶10 The factual record with regard to the endorsement attachment, also known as Form F, and the cancellation document, also known as Form K, is less developed. During discovery, Artisan submitted a copy of LJ Auto Repair's insurance policy, as well as the Form F attachment to that contract. The Form F endorsement stated that Artisan complied with state motor carrier laws, referencing: (1) proof of financial responsibility; (2) the filed certificate of insurance (i.e., Form E) to DOT; and (3) notice that cancellation requires notice to DOT. Artisan affirmed in its answers to interrogatories and requests for production that it did not submit a Form K to DOT related to the cancellation of LJ Auto Repair's insurance contract, stating that there was "no certificate for a policy of insurance approved by the WI DOT to cancel."

¶11 After a hearing on April 7, 2021, the circuit court declared that there was no liability coverage under the insurance policy or Financial Responsibility law and that Artisan had no duty to defend any party. The circuit court agreed with Artisan's arguments, finding that while Artisan did not submit a Form K to notify DOT that it was cancelling LJ Auto Repair's insurance policy, it made a "good faith effort" to comply with DOT procedure and the administrative code when it attempted multiple Form E submissions and then cancelled them. The court stated that when Artisan wanted to cancel the policy for non-payment, "the cancellation happened, it happened both, it happened twice." The court stated that "the process by which to notice and to give some administrative control to [DOT] was filed." It then concluded the disputed facts surrounding cancellation were not material because the dispute was only whether it was "a 'K' or was it a

cancellation with the word 'cancellation' that was received" by DOT. It granted summary and declaratory judgment in favor of Artisan and dismissed Pender's complaint against Artisan.

¶12 Pender now appeals.

## DISCUSSION

¶13 Pender argues that Artisan was not entitled to judgment as a matter of law because there were genuine issues of material fact regarding Artisan's liability. Pender argues that Artisan failed to comply with statutory and administrative procedure to cancel a commercial motor carrier insurance policy, which she asserts requires DOT to be notified with Form K. Although Pender concedes that Artisan had the right to cancel the LJ Auto Repair's policy for non-payment, she asserts that by failing to notify DOT in accordance with the administrative code, Artisan maintained liability under the Financial Responsibility law, WIS. STAT. § 194.41. Artisan argued that the policy was cancelled prior to the accident for two reasons. First, because it terminated the policy in accordance with WIS. STAT. § 631.36, the generalized insurance statutes, which is not disputed on appeal. Second, because it complied with the DOT CaTS manual to notify DOT of the cancellation of LJ Auto Repair's insurance contract. Therefore, it argues it has no liability under the insurance contract or under the Financial Responsibility law.

¶14 In order to resolve this appeal, we must consider the standards for summary and declaratory judgment. "We review a grant of summary judgment [independently], relying on the same methodology as the circuit court." *Estate of Sustache v. American Fam. Mut. Ins. Co.*, 2008 WI 87, ¶17, 311 Wis. 2d 548, 751 N.W.2d 845. It is proper for the circuit court to grant summary judgment

where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). "Summary judgment materials, including … answers to interrogatories, and admissions on file are viewed in the light most favorable to the nonmoving party." *AccuWeb, Inc. v. Foley & Lardner*, 2008 WI 24, ¶16, 308 Wis. 2d 258, 746 N.W.2d 447. The decision to grant or deny declaratory judgment is within the discretion of the circuit court. *See **Jones v. Secura Ins. Co.***, 2002 WI 11, ¶19, 249 Wis. 2d 623, 638 N.W.2d 575. However, when the court's discretion "turns upon a question of law, we review the question" independently. *Olson v. Farrar*, 2012 WI 3, ¶24, 338 Wis. 2d 215, 809 N.W.2d 1.

¶15 Pender argues there are two reasons summary judgment is inappropriate. First, Pender argues that because it is undisputed that Artisan did not submit a Form K to DOT, Artisan was not relieved of liability under the Financial Responsibility law. She asserts that this court should require strict adherence to the insurance laws for common motor carriers out of public policy concerns. Second or alternatively, Pender contends that Artisan has not shown any legal authority or proof that the alternate method it claims it followed in the CaTS manual to cancel Form E is a sufficient replacement for Form K under DOT rules. Therefore, the sufficiency of its cancellation and notification methods are disputed material facts.

¶16 Conversely, Artisan argues it has no liability—thus, the circuit court's order should be affirmed—for two reasons. First, because no Form E was ever officially accepted by the DOT, LJ Auto Repair's insurance contract was not approved by DOT, which Artisan argues is a prerequisite to the application of the Financial Responsibility law. Second, Artisan argues that Form K is a formality

9

and that it complied with the DOT CaTS system to cancel the rejected Form E's; therefore, DOT was notified of the cancellation before the accident.

¶17    This case requires us to interpret state statutes and administrative code, which present questions of law that we review independently.  *Rural Mut. Ins. Co.*, 134 Wis. 2d at 170.  "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect."  *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110.  If the plain meaning of the language within the statute is unambiguous, we stop our inquiry.  *Id.*, ¶45 (citation omitted).  "Interpretations of [administrative] code provisions, and the determination as to whether the provision in question is consistent with the applicable statute, are subject to principles of statutory construction."  *Orion Flight Servs., Inc. v. Basler Flight Serv.*, 2006 WI 51, ¶18, 290 Wis. 2d 421, 714 N.W.2d 130.

¶18    Under the plain meaning of the language of the administrative code, Artisan had to notify DOT that it was cancelling LJ Auto Repair's insurance before the cancellation could take effect.  WISCONSIN ADMIN. CODE § TRANS 176.04(1) specifically states that notification to DOT of a policy cancellation "shall be made by the insurer on FORM K."  The circuit court concluded that cancelling Form E was sufficient, and Artisan urges this court to do the same.  However, Artisan has not offered adequate facts or law to support that cancelling a rejected Form E was a legally sufficient substitute for submitting a Form K.  Its only factual support is counsel's affidavit stating that an open records request to DOT yielded no Form E documents on file for LJ Auto Repair. Viewing the facts in the light most favorable to the non-moving party—as we do when reviewing a summary judgment order—the DOT open records response does not satisfy the inquiry into whether DOT was notified of the cancellation of LJ

Auto Repair's insurance contract. Further, Artisan fails to provide legal authority for its position that strict adherence to the administrative code with regard to Form K was not required. *See* **State v. Pettit**, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered."). It is, therefore, a genuine issue of material fact whether the notifications to DOT complied with the regulations on cancellation of a motor carrier insurance contract.

¶19     We also note that our examination of the record reflects that multiple genuine issues of material fact exist and leaves unanswered important questions including: (1) the impact of the attachment of Form F to the policy; (2) what actions DOT had taken to accept, approve, reject, or certify LJ Auto Repair's insurance contract and how that affected the Financial Responsibility law's application; (3) whether LJ Auto Repair ever sought or received a DOT permit and the effect of not issuing a permit would have on the situation; and (4) how the various effective dates for the cancellation of the policy relate to Artisan's liability under the Financial Responsibility law. Further, we conclude that there is a material issue of fact regarding how an insurance policy can be cancelled under DOT procedures. Pender asserts that the insurance policy could only be cancelled by filing a Form K with DOT. Artisan asserts that the insurance policy was cancelled when Artisan cancelled the rejected Form E documents in compliance with the DOT CaTS manual.

¶20     We conclude that in this case, disputed material facts exist which preclude granting the motion for summary judgment and therefore, the circuit court order must be reversed. *See* WIS. STAT. § 802.08(2). Artisan's arguments

about how the statutory and administrative code operates with regard to the Financial Responsibility law are unsupported by legal authority.[8] *See Pettit*, 171 Wis. 2d at 646. Accordingly, we reverse the circuit court's grant of summary judgment in Artisan's favor, restore Pender's action against Artisan, and remand for further proceedings.[9] We note that this decision does not hold Artisan liable for Pender's injuries under the Financial Responsibility law, but instead, we conclude that the facts are not sufficiently developed, and that Artisan has failed to show it is not liable as a matter of law.

## CONCLUSION

¶21 For the reasons stated above, we conclude that the circuit court erred when it granted summary judgment in Artisan's favor. We conclude there are genuine issues of material fact and that Artisan did not make a prima facie showing it was entitled to summary judgment.[10] Accordingly, we reverse the circuit court order and remand for further proceedings.

---

[8] Artisan argues that Pender has failed to rebut the presumption that the two cancelled Form E documents were sufficient. We reject this argument because it is offered without legal authority that such presumption exists. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

[9] Pender argues that interpreting the Financial Responsibility law set forth in WIS. STAT. § 194.41 and WIS. ADMIN. CODE TRANS ch. 176 is a question of first impression. Additionally, Pender argues that public policy, equitable estoppel, or the parol evidence rule may maintain Artisan's liability under the Financial Responsibility law. Because we conclude that the circuit court improperly granting summary judgment is dispositive to this appeal, we do not address Pender's arguments further.

[10] We note that we do not narrow the case on remand to only resolve the sufficiency of the notification to DOT of the policy cancellation; we have identified multiple material facts in dispute.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.