STATE EX REL. TOWN OF HAMBURG, Appellant, vs. BOARD OF SUPERVISORS OF VERNON COUNTY, Respondent.

*February 2—February 21, 1911.*

*Bridges: County aid: Petition after completion of the work.*

Under sec. 1319, Stats. (1898), the county board has no power to levy a general county tax to pay one half of the cost of a town bridge, upon a petition filed by the town board after the bridge has been constructed, even though two members of the county board, theretofore appointed by the chairman, acted with the town board in the letting, inspecting, and acceptance of the work.

APPEAL from a judgment of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

*Mandamus* action to compel defendants to levy a tax. The petition, alternative writ, return, and evidence raised the question of whether under sec. 1319, Stats. (1898), after construction of a town bridge, the county board of the county of which such town formed a part can appropriate money to pay one half the cost thereof, the same to be levied upon the taxable property of the county and when collected be paid out of the county treasury on the order of the chairman of the county board and clerk, upon their being notified by the town that the bridge has been completed and accepted.

In this case the chairman of the county board, upon application of the chairman of the town board, appointed two members of the former to act as a bridge committee with the latter. Thereafter such pretended committee and the town board contracted for the bridge. The bridge was constructed pursuant thereto in the spring of 1905. In November, some seven months after the contract was let and long after the bridge was completed, the town board for the first time, petitioned the county board under sec. 1319 aforesaid to appropriate one half the cost thereof. The board, in form, granted

the petition. Thereafter, in a taxpayer's suit in the circuit court for the county the levy was declared void, judgment being duly entered. At the regular meeting of the county board the following year the town board of supervisors petitioned the former to appropriate as before and the request was denied. This proceeding was then commenced pursuant to direction of the electors given at a regular town meeting.

The trial court held that the judgment in the taxpayer's action did not preclude granting the petition, but that the statute did not authorize a county appropriation on petition of the town made after construction of the bridge.

Judgment was rendered accordingly in favor of the defendant.

*William S. Burroughs,* for the appellant.

*C. W. Graves,* acting district attorney, for the respondent.

MARSHALL, J. The judgment must be affirmed. It turned on a question of power. Sec. 1319, Stats. (1898), gives the county board of a county, under specified conditions, competency to levy a tax on all the taxable property thereof for the purpose of paying one half the cost of constructing a town bridge. The dominant conditions are: (a) the town must first provide one half the cost of the bridge; (b) before proceeding to contract for the work the town must file its petition with the county board setting forth the fact as to its having proceeded as aforesaid, and others specified; (c) the county board must act upon such petition, granting the same if it satisfies all calls of the statute, and at the same time appoint two of its members to act as commissioners with the town board in letting, inspecting, and accepting the work.

Thus it will be seen no such thing as was contemplated in this instance, is within the statute. No authority is conferred thereby to levy a general county tax to aid in erecting a town bridge after its construction, and except concurrent with appointment by the county board of two of its own mem-

bers to represent the county in respect to administering the matter inclusive of making the agreement for the erection.

The statute goes quite to the limit of power to levy taxes upon one of a group of subdivisions of the state forming a major public corporation for the benefit of a minor one.  For that reason, as well as on general principles, the extent of the power must be regarded as measured by the precise terms of the law.  No equitable considerations will warrant the court in coercing the county to go further than the written specifications prescribed by the legislature.

*By the Court.*—The judgment is affirmed.