Town of Grand Chute, Plaintiff-Respondent,

v.

Outagamie County, Defendant-Appellant.

Court of Appeals

*No. 03–1897–FT. Oral argument November 24, 2003.—*
*Decided January 13, 2004.*

2004 WI App 35

(Also reported in 676 N.W.2d 540.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of and orally argued by *Joseph P. Guidote, Jr.*, Outagamie County corporation counsel, of Appleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of and orally argued by *Charles D. Koehler* and *Herrling, Clark, Hartzheim & Siddall, Ltd.*, of Appleton.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Outagamie County appeals a declaratory judgment determining it is liable for one-half the costs of repairing a bridge in the Town of Grand Chute.[1] The County argues the court erred when it determined "cost" and "cost of construction or repair" are synonymous under WIS. STAT. § 81.38(2). The County also argues that it is only liable for its half of the amount the Town states in its initial petition for aid, not any amount incurred after the petition is approved. We reject the County's arguments and affirm the judgment.

## Background

¶ 2. WISCONSIN STAT. § 81.38 is entitled "Town bridges or culverts; construction and repair; county aid." After a town votes to construct or repair a bridge and has raised its portion of the cost, it can file a bridge

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

aid petition with the county, seeking funding assistance. Wis. Stat. § 81.38(1). The statute essentially obligates the county to pay for one-half the cost of constructing or repairing the town's bridge. Wis. Stat. § 81.38(2).[2]

¶ 3. The County and the Town stipulated to the facts. Outagamie County and the Town of Grand Chute both participate in this cost-sharing scheme. The Town submitted three bridge aid petitions, which the County denied. The particular dispute in this case arises because Wis. Stat. § 81.38(2) refers to both "cost" and "cost of construction or repair."

¶ 4. Thus, the County believes that when the statute says the County shall pay half the "cost of construction or repair," the phrase is more restrictive than simply "cost" and therefore some items are not taxable to the County's half of the bill. Specifically, the County has declined to pay for engineering, DNR permit, and easement acquisition costs in this case, even though it has historically paid for these items.

¶ 5. The Town brought this action for declaratory judgment, seeking a declaration of what costs ought to be included in the cost-sharing. The Town also sought a declaration regarding the rights and responsibilities of the parties relating to allowing bidding on the construction projects. Although not listed in the complaint, an issue arose regarding whether the petition for aid had to be submitted on the County's form or whether the Town could draft its own petition. The County counter-claimed, seeking a declaration that permissible costs under the statute must be itemized in the petition and that unidentified costs may be denied by the County.

---

[2] While Wis. Stat. § 81.38(2) requires the County to pay the full amount between $750 and $1,500, we simply refer to half of the cost throughout the opinion.

¶ 6. The trial court concluded the County was responsible for its share of the construction or repair cost as set forth in WIS. STAT. § 81.38. The court concluded that the disputed items in this case were "costs" as well as "costs of construction" for which the County had to pay one-half. It concluded that the Town could use its own aid petition and that that the Town could seek bids on the bridge projects.[3] The court made no explicit ruling regarding whether the Town needed to identify or itemize its costs, although this does not preempt our review in this case. Outagamie County appeals.

### Discussion

■

¶ 7. The grant or denial of a declaratory judgment is left to the circuit court's discretion. *Jones v. Secura Ins. Co.*, 2002 WI 11, ¶ 19, 249 Wis. 2d 623, 638 N.W.2d 575. However, when the exercise of discretion is based on a question of law, we review the question de novo benefiting from the circuit court's analysis. *Id.* When facts are stipulated, all that remains is a question of law. *Lewis v. Physicians Ins. Co.*, 2001 WI 60, ¶ 9, 243 Wis. 2d 648, 627 N.W.2d 484. Statutory interpretation is also a question of law. *Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519 (1996).[4] The goal of statutory interpretation is to discern legislative intent. *See County of Jefferson v. Renz*, 231 Wis. 2d 293, 301,

---

[3] The court's holdings that the Town could use its own petition and seek bids on the projects are not before us on appeal and we do not address them.

[4] Because we only face questions of law, not of fact, we may consider the questions whether the Town must itemize its petition and whether the County need only pay for one-half the cost in the petition. *See Ball v. District No. 4, Area Bd.*, 117 Wis.

603 N.W.2d 541 (1999). If the meaning of the statute is clear, we do not look beyond its language. *Jungbluth*, 201 Wis. 2d at 327.

## Cost v. Cost of Construction or Repair

¶ 8. Wisconsin Stat. § 81.38(2) states:

The county shall pay the *cost* in excess of $750 up to $1,500. The town and county shall each pay one-half of the *cost of construction or repair* above $1,500. In determining the cost of construction or repair of any culvert or bridge, the cost of constructing or repairing any approach not exceeding 100 feet in length shall be included. (Emphasis added.)

¶ 9. The County argues that because "cost" is used in the first part of the statute and "cost of construction or repair" is used in the second part, this construction necessarily means that some costs are excluded from the County's half of the bridge total. In other words, "cost" may be all encompassing, but "cost of construction or repair" is specific and limited and does not include items such as engineering design fees, permit fees, or easement acquisition costs.

¶ 10. The trial court concluded that engineering, permit, and easement costs "are required for the construction. They are not discretionary expenses and the court not only finds them to be 'costs', but finds them to be 'costs of construction.' "

¶ 11. We agree with the trial court that engineering, permit, and easement costs are required for construction. Indeed, the parties stipulated that "Engineer-

2d 529, 537, 345 N.W.2d 389 (1984) (an appellate court decides questions of law independently without deference to the trial court).

ing design services are . . . required for the general bridge reconstruction specifications" and the DNR "now requires hydraulic engineering studies as a condition for approving bridge construction . . . ." Moreover, we know of no reason why a town would incur unnecessary costs. Whatever the costs, a town is responsible for half of them. It has no incentive to raise the project costs with unnecessary expenses.

■

¶ 12. Because the statute's main focus is construction or repair of bridges, it is evident to us that "cost," in the context of the entire statutory scheme, is merely shorthand for "cost of construction or repair." Use of the word "cost" is not intended to somehow limit "cost of construction or repair."

## Whether the Town Must List All Costs In and Be Bound By Its Petition

■

¶ 13. The County argues that all project costs must be listed with specificity in the bridge aid petition. It also argues that it is only required to pay for one-half the amount listed in the petition; the Town cannot ask the County to pay additional money if the project runs over the estimate. This, the County argues, is because funds for the bridge project come from a statutorily authorized tax levy, Wis. Stat. § 81.38(1), which is only made once a year.[5] The bridge payment must be made

---

[5] Wisconsin Stat. § 81.38(1) states in relevant part:

When any town has voted to construct or repair any culvert or bridge on a highway maintainable by the town . . . the town board shall file a petition . . . and the county board . . . shall thereupon appropriate such sum as will . . . be sufficient to defray the expense of constructing or repairing such culvert or bridge, and shall levy

when the project is completed, *id.*, and the County argues it has no authority to raise additional funds later in the year. The Town argues that it does not have to itemize its costs and that it must only estimate the cost in the petition.

¶ 14. We decline to hold that the Town must itemize project costs with perfect precision. Simply, the statute does not require it.[6] Additionally, the County conceded at oral argument it was more concerned with whether it has to pay costs when the project's actual cost exceeds the amount requested in the petition.

¶ 15. The County argues it should not be required to pay costs incurred above the amount the Town requests in the petition because it only levies taxes once a year. Thus, the County argues it cannot appropriate additional funds after it makes the annual levy based on the original petition.[7]

---

a tax therefor . . . which tax when collected shall be disbursed on the order of the chairperson of the county board and the county clerk . . . .

[6] Also, the argument seems premised on a holding that engineering costs, permit fees, and easement acquisitions are not taxable to the County. Then, itemization would make sense so that the County did not have to pay for these excluded items. However, the question seems moot once we determine that the County must pay for those expenses as well.

[7] The County's practice does not support its contention. It has a special "bridge aid fund," funded by a tax on residents in participating towns and by excess revenue when projects come in under budget. The County stated this fund is used to defray later tax levies. Not only does this fund seem to be an alternate, non-statutory, unmandated funding method, but it also has proven effective in handling overages. Rather than spending the money to reduce future tax levies, we know of no reason why the County could not hold the funds in the event a project overruns its budget.

¶ 16. We hold that the County is obligated to pay its half of the cost of construction or repair of a bridge even if the final cost exceeds the amount the Town requested in the petition.[8] In *State ex rel. Town of Star Prairie v. Board of Sup.*, 83 Wis. 340, 345, 53 N.W.2d 698 (1892), the supreme court noted that the county complained that no *estimate* of costs had been provided by the town. In the discussion, the court routinely spoke in terms of whether the town had "determined or estimated" repair costs. *See id.* at 345–48. The court ultimately held that the town should determine the necessary repairs, "ascertain and fix the expense *as*

---

[8] Interestingly, the County never directed us to 37 Op. Att'y Gen. 239 (1948), where the attorney general reached exactly the conclusion the County urges—that the Town is limited to the amount it requests in the petition. Nonetheless, attorney general opinions are not binding on us, and we conclude that particular opinion is in error. *See Hahner v. Board of Ed.*, 89 Wis. 2d 180, 192, 278 N.W.2d 474 (Ct. App. 1979) ("An Attorney General's opinion is only entitled to such persuasive effect as the court deems the opinion warrants.").

The attorney general relies on *State ex rel. Town of Star Prairie v. Board of Sup.*, 83 Wis. 340, 53 N.W.2d 698. 37 Op. Att'y Gen. at 240–41. However, the attorney general gave little weight to the language that the cost should be fixed "as near as possible." That language, we conclude, suggests that an estimate is sufficient.

The opinion also relies on *State ex rel. Hamburg v. Vernon County*, 145 Wis. 104, 130 N.W. 104 (1911), to suggest that a tax cannot be authorized after the bridge is constructed. 37 Op. Att'y Gen. at 241. In that case, however, the town never filed an initial aid petition. Instead, it constructed the bridge and then asked for reimbursement. The case is distinguishable because the town failed to follow even preliminary requirements. Thus, the attorney general's reliance on the case is not helpful.

*near as possible*," raise its half of the costs and then apply for aid. *Id.* at 348 (emphasis added).[9] This discussion indicates an estimate is sufficient in a petition for aid. Costs need not be determined exactly.

¶ 17. There is also a practicality issue. Contractors rarely provide exact price quotes. They generally provide estimates. The elements of any construction job can be volatile. Raw materials may fluctuate in price. Weather may complicate a project, forcing the purchase of additional materials and labor. The labor costs may vary depending on the skill levels of the workers hired for the job. While ideally a project's final cost will be at or below the estimate, the simple nature of construction frequently makes it difficult for contractors to commit firmly to a specific price.

¶ 18. Most importantly, however, we conclude that the goal of Wis. Stat. § 81.38 is to have counties absorb half the cost of constructing or repairing bridges. The County agreed that there is a certain degree of tension between that goal and the single-levy taxing authority it argues it has been provided by § 81.38(1). However, we conclude that the statutory aim is too plain to be abrogated or canceled by the skeletal appropriations scheme provided.[10]

*By the Court.*—Judgment affirmed.

---

[9] The court made this determination based on Laws of 1885, ch. 187. That predecessor statute is nearly identical to the modern Wis. Stat. § 81.38.

[10] The County's special bridge aid fund indicates to us that the taxing scheme of Wis. Stat. § 81.38(1) is, as a practical matter, not the only way counties can fund bridge projects.