TOWN OF MADISON,
Plaintiff-Respondent,

v.

COUNTY OF DANE,
Defendant-Appellant.†

Court of Appeals

*No. 2006AP2554. Submitted on briefs April 16, 2007.
—Decided June 14, 2007.*

2007 WI App 177

(Also reported in 737 N.W.2d 16.)

† Petition to review grant 9/13/07.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Gary Rehfeldt*, Assistant Corporation Counsel for Dane County, and *Marcia MacKenzie*, Corporation Counsel for Dane County.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *John M. Gerlach* of *Larowe, Gerlach & Roy, LLP*, Madison.

A nonparty brief was filed by *Andrew T. Phillips* and *Adria D. Riva* of *Stadler, Centofanti & Phillips, S.C.*, Mequon, for Wisconsin Counties Association.

Before Lundsten, P.J., Dykman and Vergeront, JJ.

¶ 1. LUNDSTEN, P.J. The County of Dane appeals a circuit court judgment requiring the County to pay the Town of Madison for half of the Town's costs in constructing a bridge, pursuant to WIS. STAT. § 81.38 (2001–02).[1] The statute contains conditions under which a county is required to assist a town in paying for constructing or repairing a bridge on a highway. The condition at issue here is that the bridge that is constructed or repaired be "on a highway maintainable by the town." WIS. STAT. § 81.38(1). The County argues that it is not liable to the Town under § 81.38 because the statute is limited to bridges spanning preexisting sections of highways, and the bridge here does not span a preexisting section of highway. Rather, the bridge connects previously unconnected portions of existing highways. The County further argues that the Town cannot receive aid because the Town commenced construction of the bridge after the County had denied the Town's petition. We reject the County's arguments and affirm the circuit court's judgment.

## *Background*

¶ 2. The Town petitioned the County on June 10, 2004, for aid in constructing a bridge. The proposed

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

bridge would cross over a railway corridor and connect two previously unconnected portions of a frontage road, thereby eliminating an apparently inefficient dead-end road.

¶ 3. The County denied the Town's petition on September 9, 2004, indicating that the bridge did not qualify for aid. After serving the County with a notice of claim, the Town commenced construction of the bridge in January 2005. The Town subsequently brought an action in circuit court challenging the County's denial of its petition.

¶ 4. The Town moved for summary judgment, arguing that it was entitled to aid because the bridge was constructed "on a highway maintainable by the town," as Wis. Stat. § 81.38(1) requires. The circuit court agreed with the Town, and granted its motion for summary judgment.

### *Discussion*

¶ 5. We review summary judgment *de novo,* applying the same standards as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). A party is entitled to summary judgment if there is no genuine issue as to any material fact and that party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2). Here, the material facts are not in dispute and the issue is limited to the proper interpretation of a statute. This presents a question of law for our *de novo* review. *See Hempel v. City of Baraboo*, 2005 WI 120, ¶ 21, 284 Wis. 2d 162, 699 N.W.2d 551.

## Whether The Bridge Was Constructed
## *"On A Highway Maintainable By The Town"*

¶ 6. There is no dispute here that, when the Town's bridge project was completed, the bridge was "on a highway maintainable by the town." There is also no dispute that the Town and the County understood this would be the result at the time the Town petitioned the County. Similarly, the County is not arguing that the two preexisting roads connected by the bridge are not "highway[s] maintainable by the town" within the meaning of WIS. STAT. § 81.38(1). Rather, the County argues that the Town's new bridge was not constructed "on a highway maintainable by the town" because the bridge was not on a section of preexisting highway. We disagree.

¶ 7. WISCONSIN STAT. § 81.38(1) reads, in pertinent part, as follows:

> When any town has voted to construct or repair any culvert or bridge *on a highway maintainable by the town,* and has provided for such portion of the cost of such construction or repair as is required by this section, the town board shall file a petition with the county board setting forth said facts and the location of the culvert or bridge; and the county board, except as herein provided, shall thereupon appropriate such sum as will, with the money provided by the town, be sufficient to defray the expense of constructing or repairing such culvert or bridge, and shall levy a tax therefor, which tax when collected shall be disbursed on the order of the chairperson of the county board and the county clerk, when the town board and county highway committee files a written notice with the clerk that the work has been completed and accepted.

(Emphasis added.)

¶ 8. Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially defined words or phrases are given their technical or special definitional meaning. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We must construe a statute in the context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and reasonably, to avoid absurd or unreasonable results. *Id.*, ¶ 46. A statute is ambiguous if it supports two or more reasonable interpretations. *See id.*, ¶ 47.

¶ 9. The County argues that the statute unambiguously permits aid only for bridges on preexisting highways. The County's argument seems to assume that typical bridge "construction" or "repair" occurs where a highway was already in existence. Thus, typically the bridge would span a preexisting section of highway. It follows, in the County's view, that new bridges on new sections of highway are not eligible for aid, and that bridge aid is limited primarily to replacement and repair of existing bridges.

¶ 10. We will assume, for purposes of this decision, that the County has offered an interpretation of the statute that is at least reasonable. Thus, we will assume that the statute is ambiguous. Nonetheless, we conclude that the circuit court's and the Town's construction of the statute is more reasonable.

¶ 11. We find it significant that Wis. Stat. § 81.38(1) refers to a town's vote to "*construct* or repair any . . . bridge on a highway maintainable by the town" (emphasis added). The statute does not define "construct," but the common and ordinary meaning of that word is "to form, make, or create by combining parts or

elements: BUILD, FABRICATE." WEBSTER'S THIRD NEW INTERNA-TIONAL DICTIONARY 489 (unabr. ed. 1993). Nothing about the common meaning of "construct" limits that term to replacement or repair. If anything, the opposite is true. We conclude that, if the legislature had intended to limit the statute's applicability to the replacement or repair of existing bridges, it could have easily said so in any number of much clearer ways, and would have done so.

¶ 12. Further, nothing else about the language in WIS. STAT. § 81.38(1) suggests that the legislature meant to exclude bridge construction where there is no preexisting section of highway. For example, there is no apparent reason why a town could not "vote[] to construct . . . [a] bridge on a highway maintainable by the town" where a highway does not already exist. The most reasonable reading of § 81.38(1) is simply that, if a town is to be eligible for county aid for bridge construction, the finished bridge must be part of a highway maintainable by the town.

¶ 13. The County refers us to statutory provisions that define a "highway." *See* WIS. STAT. §§ 340.01(22) and 990.01(12).[2] Those provisions, however, do not provide any support for the proposition that the term "highway" in WIS. STAT. § 81.38(1) refers only to a preexisting highway.

¶ 14. The County also argues that the legislature must have intended, for reasons of sound fiscal policy, to limit WIS. STAT. § 81.38(1) to bridges on preexisting highways. The County explains this argument with a hypothetical as follows:

---

[2] WISCONSIN STAT. § 340.01(22) provides, in part: " 'Highway' means all public ways and thoroughfares and bridges on the same." WISCONSIN STAT. § 990.01(12) provides: " 'Highway' includes all public ways and thoroughfares and all bridges upon the same."

The reasons for such limitations in the statute are apparent. The principal reason is that scarce funds should only be used for public "highways" and for bridges that will be actually used by the public. Assume that a Town wants to construct a bridge for a proposed highway which they will construct after the bridge is built. The Town proceeds to construct the bridge and after completion of the bridge learns that the federal funding they assumed they would get for the proposed highway project is no longer available. Under the Town's (and the trial court's) construction the County would have been liable to reimburse the Town for one-half the expense of building the bridge, even though it was not on a "highway." Under the County's interpretation of the statute, the County would not be liable to reimburse the Town. This is likely the exact situation the legislature sought to avoid; the reimbursement for a vestigial project.

¶ 15. There are at least two major flaws in this argument. First, bridges are expensive and, therefore, towns have ample incentive not to build "vestigial" bridges. As would have been apparent to the legislature, towns remain liable under the statute for essentially half their costs for a bridge. *See* WIS. STAT. § 81.38(2).[3] Second, the record contains no factual basis for this court to assume that any significant number of towns will forge ahead with a bridge project without reasonable assurances that necessary funding for the project will not disappear, and the County provides no legal

---

[3] WISCONSIN STAT. § 81.38(2) provides:

The county shall pay the cost in excess of $750 up to $1,500. The town and county shall each pay one-half of the cost of construction or repair above $1,500. In determining the cost of construction or repair of any culvert or bridge, the cost of constructing or repairing any approach not exceeding 100 feet in length shall be included.

basis for us to make such an assumption. In other words, the County points to nothing showing that vestigial bridges are likely to present a problem in the wake of § 81.38, or that the prospect of such bridges was a legislative concern when the statute was enacted or amended. *Cf. Town of Grand Chute v. Outagamie County*, 2004 WI App 35, ¶ 18, 269 Wis. 2d 657, 676 N.W.2d 540 ("[T]he goal of WIS. STAT. § 81.38 is to have counties absorb half the cost of constructing or repairing bridges.").

¶ 16. The County also relies on *State ex rel. Town of Star Prairie v. Board of Supervisors of St. Croix County*, 83 Wis. 340, 53 N.W. 698 (1892), which addresses a previous version of WIS. STAT. § 81.38. Specifically, the County directs us to the *Town of Star Prairie* court's statement that, under that statute, "[i]t seems probable . . . that the county may allege that the bridge or bridges are not upon public highways, or are bridges which the town has no authority to build or repair." *Town of Star Prairie*, 83 Wis. at 347. This statement does not assist the County. The court in that case was simply explaining how a revision to the statute left counties with limited discretion to challenge town petitions. *See id.* at 346–47. *Town of Star Prairie* does not speak to whether § 81.38(1)'s reference to a "highway maintainable by the town" refers only to a preexisting highway.

¶ 17. To sum up so far, we agree with the circuit court and the Town that the Town's bridge was constructed "on a highway maintainable by the town" and that WIS. STAT. § 81.38(1) does not exclude County aid for bridge construction where there is no preexisting section of highway.[4]

---

[4] Effective January 1, 2005, the legislature revised WIS. STAT. § 81.38(1) and renumbered it as WIS. STAT. § 82.08(1)

### The County's Argument That The Town Cannot Receive Aid Because The Town Constructed The Bridge After The County Denied The Town's Petition

¶ 18. The County argues that the Town cannot receive aid under WIS. STAT. § 81.38 because the Town commenced construction of the bridge even though the County had denied the Town's petition. The County is arguing, in effect, that, once it denies a town's petition, the town is required to forgo the aid or to delay construction until any and all challenges to and appeals from that denial are final. In making this argument, the County does not rely on any language in the statute. Rather, it relies on *State ex rel. Town of Hamburg v. Board of Supervisors of Vernon County*, 145 Wis. 191, 130 N.W. 104 (1911).

---

(2005–06). *See* 2003 Wis. Act 214, §§ 141 & 190. Section 81.38(1) referred to a "highway *maintainable* by the town"; section 82.08(1) (2005–06) refers to a "highway *maintained* by the town" (emphasis added). This revision was part of broader revisions to both § 81.38 and to the town highway statutes in general. *See generally* 2003 Wis. Act 214. The earlier version of the statute, § 81.38, applies here. Therefore, we do not decide whether our decision would be the same under § 82.08(1) (2005–06). However, we make the following observations. A prefatory note to the Act that amended and renumbered the town highway statutes states that, if an individual section's explanatory note "does not indicate a substantive change, none is intended." 2003 Wis. Act 214, Joint Legislative Council Prefatory Note 4. The note then goes on to state: "If a question arises about the effect of any modification made by this bill, the special committee intends that the revisions in this bill be construed to have the same effect as the prior statute." *Id.* The individual explanatory note accompanying the section that revised and renumbered § 81.38(1) attributes no significance to the change from "maintainable" to "maintained." *See* 2003 Wis. Act 214, § 141, note.

¶ 19. The Town points out that this argument is raised for the first time on appeal and, therefore, has been waived. The County does not dispute that it failed to raise this particular argument, asserting instead that, as long as a general issue is preserved, specific "[a]rguments are never waived." This is not, however, the rule. *See ABKA Ltd. P'ship v. Board of Review of Village of Fontana-On-Geneva Lake*, 231 Wis. 2d 328, 349 n.9, 603 N.W.2d 217 (1999) ("court need not address arguments raised for the first time on appeal"). Accordingly, we agree with the Town that the County's petition-denial argument has been waived, and reject the argument on that basis.

¶ 20. Furthermore, even if we addressed the County's reliance on *Town of Hamburg*, and even if we assumed that *Hamburg* applies here, we would reject the County's argument.[5] In *Town of Hamburg*, a town petitioned a county for the first time "some seven months after the contract was let and long after the bridge was completed." *Town of Hamburg*, 145 Wis. at 191. Framing the case as a question of the county's "power" or "competency" to levy a tax under the statute, and pointing out that the statute required a town to file its petition with the county before contracting for the bridge work, the *Town of Hamburg* court concluded that counties have no authority to "levy a general county tax to aid in erecting a town bridge after its construction." *Id.* at 192. In contrast, the Town here petitioned the County on June 10, 2004, the County

---

[5] *State ex rel. Town of Hamburg v. Board of Supervisors of Vernon County*, 145 Wis. 191, 130 N.W. 104 (1911), addresses a previous version of Wis. Stat. § 81.38.

denied the petition on September 9, 2004, and construction on the bridge commenced in January 2005. Thus, the Town petitioned the County before the bridge was constructed, and we conclude that this fact distinguishes the instant case from *Town of Hamburg*.

¶ 21. Our conclusion finds support in *Town of Grand Chute*. Our decision in that case established that, when the final cost of a bridge exceeds the amount that a town requests in its petition, the county remains obligated to pay—and presumably, therefore, to levy—an amount higher than the County agreed to before construction. *See Town of Grand Chute*, 269 Wis. 2d 657, ¶ 16. In *Town of Grand Chute*, we distinguished *Town of Hamburg* as a case where a town "constructed the bridge and *then* asked for reimbursement." *Town of Grand Chute*, 269 Wis. 2d 657, ¶ 16 n.8 (emphasis added). We said: "[*Town of Hamburg*] is distinguishable because the town failed to follow even preliminary requirements." *Id. Town of Hamburg* is distinguishable from this case for the same reason.[6]

### Conclusion

¶ 22. In sum, we conclude that WIS. STAT. § 81.38 includes aid for bridge construction where there is no preexisting highway if the completed bridge is "on a highway maintainable by the town." We also reject the County's argument that, because the Town commenced construction of the bridge after the County denied the

---

[6] We note that WIS. STAT. § 81.38(3) contains an expedited petition procedure. Neither the Town nor the County argues that this procedure has any relevance to our decision and, therefore, we do not address any possible effect that statutory language might have had here.

414

Town's petition, the Town cannot receive aid under § 81.38. Accordingly, we affirm the circuit court's judgment.

*By the Court.*—Judgment affirmed.

¶ 23. DYKMAN, J. (*dissenting*). In one of Wisconsin's counties, there is a large tract of township land which, if fully developed, would greatly enhance the Town's tax base. But there is an impediment. The land is only accessible from one side, and along that side runs a railroad track next to a river. Developers have passed on the tract because spanning the chasm with a bridge would be too costly, and the Town has refused to bear the cost of building the bridge. The County's attorneys are aware of WIS. STAT. § 81.38(1) (2001–02),[1] but have concluded, as do I, that the plain meaning of that statute is that a chasm is not a highway, and certainly not a highway maintainable by the Town.

¶ 24. The following hypothetical illustrates the problem with the majority's interpretation of WIS. STAT. § 81.38(1). After reading the majority's opinion, the developer and the Town enter a contract, in which the developer agrees to build a road on either side of the chasm and reimburse the Town for half of the cost of a magnificent bridge, which the Town will build. As the land is subdivided and sold, the road will be enhanced to suit the capability of the bridge. The beauty of the deal is that half the cost of the bridge will be assumed by county taxpayers, who have little or no use for the bridge. But it saves the developer, and ultimately the lot purchasers, considerable money.

¶ 25. The majority assumes that my view and the County's view of WIS. STAT. § 81.38(1) is reasonable. But

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

it also concludes that a railroad track or, in my hypothetical, a stream and a chasm, are really a highway. It concludes that the statute is ambiguous, though it does not go further and examine the rules of statutory construction or extrinsic sources. *See DaimlerChrysler v. LIRC*, 2007 WI 15, ¶ 37, 299 Wis. 2d 1, 727 N.W.2d 311 (if meaning of a statute is clear, court does not look at rules of statutory construction or extrinsic sources). The reasons the majority uses to reach its conclusion are that the legislature could have used language to exclude county liability for bridges over non-highways but did not, and that the legislature used the word *"construct."*

¶ 26. The reason the legislature did not use different language to make a clear statute more clear is that, as the majority assumes, the statute is reasonable as is. And focusing on the word "construct" goes nowhere. A Town might construct a new bridge where the previous bridge has deteriorated or it might repair the old bridge. Either way, there was a preexisting highway on the old bridge, or, put the other way, the repair or replacement of the old bridge was "on a highway." The majority's interpretation of WIS. STAT. § 81.38(1) allows a township to build a bridge as a tourist attraction in the middle of a cornfield, construct a connecting road, declare the whole thing a highway, and require the county to pay for half the cost of the bridge. That cannot be a more reasonable interpretation of the statute than one limiting county liability for bridge construction only to bridges that are really "on a highway." There is no reason the state cannot prevent county liability for new bridges that only a township sees a need to build.

¶ 27. The fact is that when the Town of Madison's board voted to build the bridge in question, the location

of the bridge-to-be was nothing but thin air. It was not on any highway, and the non-highway was not maintainable by the Town. In my view, Wis. Stat. § 81.38(1) is unambiguous. It does not apply to all bridges. There is a requirement of a highway. The legislature might have required counties to pay for half the cost of any bridge a township might like, but it did not. Because I conclude that the statute is unambiguous, precluding the majority's interpretation of it, I respectfully dissent.